UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES P. McQUISTON, ET AL | CIVIL ACTION NO. 07-1723 |
| VERSUS | JUDGE STAGG |
| BOSTON SCIENTIFIC CORP., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

James McQuiston was the recipient of an angioplasty and stent procedure performed by Dr. Thomas Brown at Willis Knighton Medical Center. The stent, manufactured by Boston Scientific Corporation, allegedly malfunctioned, causing significant personal injuries to Mr. McQuiston.

Mr. McQuiston and his wife ("Plaintiffs") filed on August 31, 2007 a claim of medical malpractice against Dr. Brown and Willis Knighton Medical Center. The claim was commenced by filing a claim with the Commissioner of Administration. Louisiana law requires that a medical malpractice claim first be presented to a medical review panel through that administrative process before a malpractice suit can be properly filed against the healthcare provider in a court.

At about the same time, Plaintiffs filed in state district court a products liability suit against Boston Scientific. Plaintiffs are alleged to be citizens of Louisiana, and Boston Scientific is alleged to be a corporation incorporated in Delaware and with its principal place

of business in Massachusetts. No other defendants were named in the state court petition. Boston Scientific removed the case based on an assertion of diversity jurisdiction.

Plaintiffs have filed a Motion to Remand (Doc. 10). They urge that the filing with the Division of Administration of a malpractice charge against fellow Louisiana citizens precludes a finding of diversity because the allegations of malpractice and products liability arise out of the same transaction or occurrence. Diversity, however, is determined based on the parties actually named in this suit. A possible future destruction of diversity, even by the promised later addition of an indispensable party, is not a proper ground for remand. Oiler v. Biomet Orthopedics, Inc., 2003 WL 22174285, *6 (E.D. La. 2003) (denying a motion to remand in a similar medical device case).[1]

Magistrate Judge Kirk also recommended denial of remand in a similar setting that was presented in Harris v. Brecher, 2007 WL 1296349 (W.D. La. 2007). Judge Kirk noted that it was possible the medical malpractice defendants might never be sued, that the case may settle, or that the federal court would deny a motion for leave to amend and add the diversity-destroying defendants. It is also possible that a plaintiff in that situation might, as did the plaintiffs in Temple, choose to file his medical malpractice claim in state court and

---

[1] The healthcare defendants and the product manufacturer are not indispensable parties in a suit against one or the other arising out of injuries allegedly caused by the implantation of the product. Joint tortfeasors need not be named as defendants in a single lawsuit. Temple v. Synthes Corp., Ltd., 111 S.Ct. 315 (1990) (permitting medical products claim to proceed in federal court even though the plaintiffs chose to file their medical malpractice claims against the doctor and hospital in state court after the Louisiana administrative process was completed).

continue to pursue the products liability claim in federal court. Judge Kirk focused on the parties actually named as defendants at the time the case was removed, and he decided that the motion to remand should be denied. The undersigned is of the same opinion with respect to this case. The petition before the court does not name any non-diverse defendant, so remand is not appropriate based on Plaintiffs' argument

Magistrate Judge Payne did remand in <u>Johnson v. Scimed, Inc.</u>, 92 F.Supp. 2d 587 (W.D. La. 2000), which Plaintiffs cite, but <u>Johnson</u> arose from a quite different and distinct situation. It was a case in which the non-diverse medical malpractice defendants were *actually named* as defendants, albeit subject to a prematurity defense, in the state court petition. The <u>Johnson</u> decision was a narrow one that was based on a choice between two reasonable lines of authority that have developed in that difficult setting. This case, however, presents a different setting in which non-diverse healthcare providers have not been named as defendants.

Plaintiffs make an alternative request for leave to amend their complaint to add the non-diverse healthcare providers. Plaintiffs speak of this desire in only a general sense, and they have not tendered a proposed amended complaint. Any effort to amend and add the healthcare providers at this point would likely receive objection based on the futility of adding defendants who possess a solid prematurity defense, and leave would almost certainly be denied. Once Plaintiffs have completed the medical review process and the malpractice claims are ripe for judicial presentation, Plaintiffs will be free to file a motion for leave to

amend, and it will be assessed under the factors discussed in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987) and with an eye toward any schedule that has been set in this case. It is premature to conduct that analysis at this time.

Plaintiffs also ask, in the alternative, for a stay of this federal action until the completion of the medical review process. Plaintiffs anticipate that the non-diverse healthcare providers could then be joined as defendants, and the entire case remanded to state court. A stay may be appropriate in such circumstances, and Judge Kirk granted one in <u>Harris</u> after consideration of the relevant facts. There are not, however, sufficient facts before the undersigned about this case to determine whether a stay is or is not appropriate. A scheduling conference will be set soon after this ruling issues. Counsel for Plaintiffs and Boston Scientific should be prepared to discuss the stay issue at the scheduling conference.

For the reasons set forth above, the **Motion to Remand (Doc. 10)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of January, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE